## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

FABIO RAMERIZ )
)
)
*Petitioner,* )
)
)
v. )
)
)
SHERWIN MILES, Acting Warden, )
Stateville Correctional Center )
)
*Respondent.* )
)

No. 19 C 1290

Judge Virginia M. Kendall

## MEMORANDUM OPINION AND ORDER

Petitioner, Fabio Rameriz, was found guilty of first degree murder following a jury trial in Cook County, Illinois, and was subsequently sentenced to serve 47 years in prison. After exhausting the appropriate remedies in state court, he filed this *pro se* petition for a Writ of Habeas Corpus claiming: (1) the evidence presented at trial was insufficient to support his conviction, (2) the prosecutor made improper comments during closing argument, (3) ineffective assistance of trial counsel, and (4) ineffective assistance of appellate counsel. (Dkt. 1, pgs. 2-7). Respondent, Sherwin Miles, moved to dismiss Rameriz's Habeas Corpus Petition as untimely, to which Rameriz responds that the doctrine of equitable tolling applies and alleviates any issues of timeliness. For the reasons discussed within, Respondent's Motion is granted and Rameriz's petition is dismissed as untimely.

## BACKGROUND

Rameriz is currently serving a 47-year sentence in prison after being convicted of first degree murder in Cook County on August 25, 2009. (*Id.* at pg. 1). He appealed his conviction and the conviction was affirmed by the Illinois Appellate Court on November 2, 2011. (*Id.* at pg. 2). Rameriz then sought a Petition for Leave to Appeal (PLA), which was denied by the Supreme Court of Illinois on January 25, 2012. (*Id.*). He did not file a Petition for a Writ of Certiorari in the United States Supreme Court and the time to do so expired on April 24, 2012. (*Id.*). Rameriz filed his state postconviction petition on October 24, 2012 which was subsequently dismissed by the Cook County Circuit Court. (*Id.* at pg. 3). The Illinois Appellate Court later affirmed the dismissal of his postconviction petition and the Supreme Court of Illinois ultimately denied Rameriz's PLA on March 21, 2018. (*Id.*).

Rameriz wrote to his attorney, Jennifer Blagg, twice between March 2018 and January 2019, to inquire as to the status of his PLA, but did not receive a response to either letter. (Dkt. 14, pg. 3). Rameriz's family members contacted Blagg at some time in August 2018. (*Id.*). In response to this inquiry, Blagg informed Rameriz's sister that the PLA had not yet been ruled on. (*Id.* at pg. 4). Rameriz then waited until December 2018, when he again asked his family to contact Blagg about the status of his PLA. (*Id.*). Blagg responded with a letter dated January 28, 2019 in which she informed Rameriz that his PLA had been denied. (*Id.*). Blagg also wrote that the lack of communication to Rameriz regarding the status of his PLA was her office's fault as she had not been personally reviewing her mail. (*Id.*). Blagg assured Rameriz that he would not be at fault for any delay in filing his habeas petition and

stated that, "[t]he fault resides with my office." (Dkt. 1, pg. 8). After being notified of the denial of his PLA, Rameriz filed his Petition for Writ of Habeas Corpus on February 20, 2019. (Dkt. 1).

## DISCUSSION

### I. Rameriz's Petition is untimely.

The expiration of the statute of limitations is considered an affirmative defense of which the State has the burden of proving. *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004). Pursuant to 28 U.S.C § 2244(d)(1), § 2254 motions are subject to a one-year statute of limitations that begins to run on the latest of the following: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;" (2) the date that an unconstitutional State action impeding filing is removed; (3) if a new constitutional right was recognized by the Supreme Court and applied retroactively, than the initial date that a right was asserted; or (4) the date that the claim or claims' factual predicate could have been discovered through due diligence. The limitations period typically commences on the date the petitioner's judgment becomes final by either the conclusion of direct review or the time for seeking such review expires. 28 U.S.C. 2244(d)(1)(A); *Gonzalez v. Thayer,* 565 U.S 134, 137 (2012).

Here, Rameriz's conviction became final on April 24, 2012, when the time to file a petition for a writ of certiorari on direct review expired. *Holland v. Florida,* 560 U.S. 631, 635 (2010). However, under § 2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to

the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this section." *See also Holland,* 560 U.S. at 635; *Lawrence v. Florida,* 549 U.S. 327, 330-31 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 410 (2005). Rameriz filed his postconviction petition on October 24, 2012—182 days after his conviction became final. The one-year statute of limitations period was then statutorily tolled during the pendency of his state post-conviction proceedings. *See Martinez v. Jones,* 556 F.3d 637, 638 (7th Cir. 2009). The statute of limitations clock began to run again after Rameriz's PLA was denied by the Supreme Court of Illinois on March 21, 2018. *Tucker v. Kingston,* 538 F.3d 732, 733 (7th Cir. 2008); *Jones v. Hulick,* 449 F.3d 784, 787-88 (7th Cir. 2006); *Gutierrez v. Schomig,* 233 F.3d 490, 491 (7th Cir. 2000). Rameriz still had 183 days, until September 20, 2018, to file his Petition following the denial of his PLA. Rameriz did not file his Petition until February 20, 2019, 153 days after the limitations period had ended. Accordingly, Rameriz's petition, filed five months after the statutory deadline, is untimely.

**II. Equitable tolling does not apply to Rameriz's Petition.**

Notwithstanding the expiration of the statute of limitations, equitable tolling can save untimely petitions in appropriate circumstances. Equitable tolling is an "exceptional remedy" and operates "to toll some period of time to allow a petitioner to overcome an otherwise breached limitations period." *See Taylor v. Michael,* 724 F.3d 806, 810 (7th Cir. 2013). Equitable tolling is available only when the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland,* 560 U.S. at 649.

The party seeking equitable tolling bears the burden of proving that he is entitled to its protections. *Ray v. Clements,* 700 F.3d 993, 1007 (7th Cir. 2012). Equitable relief is sparingly applied by courts, *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990), and is "reserved for 'extraordinary circumstances far beyond the litigant's control that prevent timely filing.'" *Nolan v. United States,* 358 F.3d 480, 484 (7th Cir. 2004) (quoting *Modrowski v. Mote,* 322 F. 3d 965, 967 (7th Cir. 2003)).

To satisfy the first requirement, Rameriz argues that he was diligent in pursuing his rights as he tried to obtain the status of his pending PLA from his attorney. He posits his diligence is demonstrated by him writing letters to his attorney twice in the ten month period between March 2018, when his PLA was denied, and January 2019, when he received notification that his PLA was denied. Furthermore, Rameriz contends that his family also contacted his attorney twice during that time period. These sparse instances of Rameriz, or his family, attempting to contact his attorney are insufficient to establish that Rameriz was diligently pursuing his rights.

The diligence prong is met through persistent and reasonable action on the part of petitioners. For example, the petitioner in *Holland* made frequent attempts to contact his attorney over a period of years, twice asked the Florida Supreme Court to remove his attorney from the case, filed a complaint against his attorney with the Florida Bar Association, and wrote various letters to the clerk of the Florida Supreme Court requesting information on his case. *Holland,* 560 U.S. at 636-43. After his case was presented to the Florida Supreme Court, petitioner wrote to his attorney three

more times to ensure that his attorney filed his petition before the limitations period expired. *Id.* The petitioner in *Holland* then made several more attempts to contact his attorney and went so far as to advise his attorney of the applicable law, of which his attorney was mistaken. *Id.* To the contrary, Rameriz's four attempts at contacting his attorney, spread out over a period of ten months, simply do not rise to the level of diligence required for equitable tolling to apply as seen in *Holland*.

In attempting to meet his burden, Rameriz places significant reliance on *Socha v. Boughton.* The *Socha* court found that petitioner demonstrated his diligence by way of contacting his attorney to ask for his case file on five separate occasions (all of which were ignored by his attorney), contacting the Attorney Manager at his attorney's office twice, and even personally contacting the Clerk of the Court to request the file. *Socha v. Boughton,* 763 F.3d 674, 684-688 (7th Cir. 2014). Rameriz's conduct falls far short of the circumstances in both *Holland* and *Socha*. A diligent party must remain actively involved in the prosecution of his claims—a duty that Rameriz did not fulfill here. *Modrowski,* 322 F. 3d at 968.

The second prong of the equitable tolling test requires a finding that some extraordinary circumstance prevented petitioner's timely filing. *Holland,* 560 U.S at 649. Rameriz, again relying on *Socha,* contends that the extraordinary circumstance he faced was his attorney's failure to notify him that his PLA had been denied. However, "a garden variety claim of excusable neglect" does not amount to an extraordinary circumstance warranting the application of equitable tolling. *Irwin,* 498 U.S. at 96. A party must demonstrate circumstances that rise to a level of

egregiousness well above simple negligence. *See Holland,* 560 U.S at 649, 652. An attorney's miscalculation in calculating the limitations period on its own is not extraordinary enough to warrant equitable tolling. *Lawrence,* 549 U.S. at 336. This is due, in part, to the fact that petitioners do not have a constitutional right to counsel in postconviction proceedings. *Id.* at 337. Furthermore, attorney negligence is not enough to constitute grounds for equitable tolling because "clients, even if incarcerated, are expected to 'vigilantly oversee' and ultimately bear responsibility for their attorneys' actions or failures." *Modrowski,* 322 F. 3d at 968 (citing *Johnson v. McCaughtry,* 265 F.3d 559, 566 (7th Cir. 2001)). "It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel." *Davila v. Davis,* 137 S. Ct. 2058, 2065 (2017). Consequently, in the context of postconviction proceedings, where there is no right to counsel, "ineffective assistance of postconviction counsel is not cause to excuse a defaulted claim that appellate counsel was constitutionally ineffective." *McGhee v. Watson,* 900 F.3d 849, 852 (7th Cir. 2018); *see also Crutchfield v. Dennison,* 910 F.3d 968, 973 (7th Cir. 2018) ("Because there is no Sixth Amendment right to counsel on collateral review, attorney error in postconviction proceedings is not cause to excuse a procedural default.").

In *Holland,* the extreme circumstances petitioner faced were far greater than simple attorney negligence. Petitioner's attorney failed to file the petition in time despite numerous letters written by petitioner. The attorney also ignored petitioner's many pleas requesting information on the status of his case. Furthermore, the

attorney erred in calculating the statute of limitation's period and petitioner had to provide him with the correct date. *Holland,* 560 U.S. at 636-43. A similarly extreme example was seen in *Weddington v. Zatecky,* where a corrections officer intentionally confiscated a prisoner's habeas corpus petition and related papers. 721 F.3d 456, 464 (7th Cir. 2013).

Rameriz's circumstances do not rise to the level of egregiousness necessary for equitable tolling to apply. Rameriz's attorney did not respond to Rameriz on two occasions and his attorney mistakenly once told his sister that the PLA had not yet been ruled on. This does not meet the high threshold considered in *Holland* where the attorney ignored the petitioner over a period of *years* and the Clerk of the Court also did not provide petitioner status updates when requested. Nor did Rameriz encounter a situation in which important legal documents were being intentionally withheld from him. *See Weddington,* 721 F.3d at 464. Rameriz's situation presents as mere attorney negligence rather than an extraordinary circumstance preventing the timely filing of his Petition. *See Johnson,* 265 F.3d at 566 ("Lawyer's mistake is not an extraordinary circumstance)." Attorney negligence is attributed to the client under well established agency law principles. *Davila,* 137 S. Ct. at 2065; *see also Lombardo v. United States,* 860 F.3d 547, 552 (7th Cir. 2017) ("Thus, errors by an attorney acting on a party's behalf do not constitute obstacles beyond the party's control."). That Rameriz's attorney was a poor communicator does not excuse the untimeliness of his filing. Instead, an attorney must have completely abandoned his client, effectively terminating the attorney-client relationship, before cause for

procedural default is found. *Maples v. Thomas,* 565 U.S. 266, 282 (2012) (Highlighting "the essential difference between a claim of attorney error, however egregious, and a claim that an attorney had essentially abandoned his client."); *Choice Hotels Int'l, Inc. v. Grover,* 792 F.3d 753, 755 (7th Cir. 2015) ("Sending him e mails, and making unreturned phone calls, is no substitute for action. … Unlike the attorneys in *Thomas* and *Maples,* he had not cut off all communication with his clients and walked away from the litigation."). The circumstances facing Petitioner fall into "a garden variety claim of excusable neglect" and cannot properly be considered extraordinary circumstances. *See Irwin,* 498 U.S. at 96. Nor can it be said that Rameriz's counsel terminated the attorney-client relationship and abandoned both him and the litigation by failing to respond to two letters. Even if faced with a less than responsive attorney, Rameriz was not without recourse. He has prior experience with direct and collateral appeals and is therefore familiar with the process and timeline. Writing his attorney a letter twice in a span of ten months simply does not meet the required level of diligence. Because Rameriz has failed to show his diligence in pursuing his rights and also fails to show that he encountered extraordinary circumstance that prevented his timely filing, equitable tolling is not warranted.

### III.   Habeas Rule 9(a) is no longer applicable.

Finally, Rameriz contends Respondent must also establish that he was prejudiced along with proving that the Petition was untimely. Rameriz cites to former Habeas Rule 9(a) for this proposition. Rule 9(a) reads: "A petition may be

dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred." Rameriz's reliance on Rule 9(a) is misplaced as the Rule has been "deleted as unnecessary in light of the applicable one-year statute of limitations for § 2254 petitions, added as part of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)." *See* Rules Governing Section 2254 Cases, Advisory Committee's Note to 2004 Amendments. Therefore, Respondent was not required to establish he was prejudiced to meet his burden of dismissing the Petition as untimely. Instead, Respondent satisfies his burden to dismiss Rameriz's Petition by simply demonstrating that the petition falls outside of the one-year statute of limitations and is not otherwise saved by equitable tolling.

## **CONCLUSION**

For the reasons set forth above, the Court grants Respondent's Motion to Dismiss Rameriz's Petition for Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C § 2244(d). The petition is dismissed with prejudice and the Court denies Rameriz a certificate of appealability.

Virginia M. Kendall
United States District Judge

Date: July 19, 2019